UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL A. BROWN and RICHARD J. MILLER, :
                                        :       19 Civ. 11588 (VB)(PED)
                  Plaintiffs,       :
                                          :       **ANSWER**
            - against -          :
                                        :
NEW YORK STATE TROOPER E.E. REISER and  :
NEW YORK STATE TROOPER T.A. CHARKO,     :
                                          :
                Defendants.       :
---------------------------------------------------------------X

       Defendants New York State Police ("NYSP") Troopers Edward E. Reiser (s/h/a "E.E.

Reiser") ("Defendant Reiser") and Thomas A. Charko (s/h/a "T.A. Charko") ("Defendant

Charko") (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the

State of New York, answer the Complaint, dated December 18, 2019, as follows:

**THE PARTIES**

       1.       Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations asserted in paragraph 1, and deny that any response is required to the

extent that the allegations make assertions of law.

       2.       Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations asserted in paragraph 2, and deny that any response is required to the

extent that the allegations make assertions of law.

       3.       Defendants admit the allegations asserted in paragraph 3 to the limited extent that

during the relevant time period Defendant Reiser was a member of the NYSP, Troop K

(stationed at SP Stormville), and deny that any further response is required to the extent that the

allegations make assertions of law.

4.     Defendants admit the allegations asserted in paragraph 4 to the limited extent that during the relevant time period Defendant Charko was a member of the NYSP, Troop K (stationed at SP Salt Point), and deny that any further response is required to the extent that the allegations make assertions of law.

## NATURE OF ACTION AND JURISDICTION

5.     Defendants deny the allegations asserted in paragraph 5, and deny that any response is required to the extent that the allegations make assertions of law.

5.[1]    Defendants deny the allegations asserted in paragraph 5, and deny that any response is required to the extent that the allegations make assertions of law.

6.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6, and deny that any response is required to the extent that the allegations make assertions of law.

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 7, and deny that any response is required to the extent that the allegations make assertions of law.

8.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 8, and deny that any response is required to the extent that the allegations make assertions of law.

## STATEMENT OF CLAIMS

9.     Defendants admit the allegations asserted in paragraph 9 to the limited extent that on September 11, 2019, during the relevant time period, Plaintiffs were traveling in a pick-up

---

[1] Plaintiffs' Complaint contains two paragraphs denoted "5". Accordingly, Defendants will follow this numbering system.

truck, heading north on the Taconic State Parkway toward Interstate 84, and that Defendant Miller was in the passenger seat. Defendants deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations asserted in paragraph 9.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 10.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 11.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 13.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 14.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 15.

16.     Defendants deny the truth of the allegations asserted in paragraph 16.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 17.

18.     Defendants admit the allegations asserted in paragraph 18 to the limited extent that as a result of Defendants activating their police vehicles' emergency lights and/or siren, the pick-up truck in which Defendants were in, pulled over to the side of I-84. Defendants deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations asserted in paragraph 18.

19.     Defendants admit the allegations asserted in paragraph 19 to the limited extent that after the pick-up truck pulled to the side of I-84 and stopped, Defendants, after pulling over and stopping their police vehicle to the rear of the pick-up truck, exited their police vehicle and approached the pick-up truck. Defendants deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations asserted in paragraph 19.

20.     Defendants deny the truth of the allegations as asserted in paragraph 20.

21.     Defendants deny the truth of the allegations as asserted in paragraph 21.

22.     Defendants deny the truth of the allegations asserted in paragraph 22.

23.     Defendants deny the truth of the allegations asserted in paragraph 23.

24.     Defendants deny the truth of the allegations asserted in paragraph 24.

25.     Defendants deny the truth of the allegations asserted in paragraph 25.

26.     Defendants deny the truth of the allegations asserted in paragraph 26.

27.     Defendants deny the truth of the allegations as asserted in paragraph 27.

28.     Defendants deny the truth of the allegations asserted in paragraph 28.

29.     Defendants deny the truth of the allegations as asserted in paragraph 29.

30.     Defendants deny the truth of the allegations asserted in paragraph 30.

31.     Defendant Reiser admits the allegations asserted in paragraph 31 to the limited extent that at some point during the traffic stop at issue, he discussed the issue of the pick-up truck's registration, that the pick-up truck was registered to a non-party named Beverly Constabile, and that Ms. Constabile was Defendant Brown's fiancée. Defendants deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations asserted in paragraph 31.

32.     Defendants deny the truth of the allegations asserted in paragraph 32.

33.    Defendants deny the truth of the allegations asserted in paragraph 33.

34.    Defendants deny the truth of the allegations asserted in paragraph 34.

35.    Defendants deny the truth of the allegations asserted in paragraph 35.

36.    Defendants deny the truth of the allegations asserted in paragraph 36.

37.    Defendants deny the truth of the allegations asserted in paragraph 37.

38.    Defendants deny the truth of the allegations asserted in paragraph 38.

39.    Defendants deny the truth of the allegations asserted in paragraph 39.

40.    Defendants deny the truth of the allegations asserted in paragraph 40.

41.    Defendants deny the truth of the allegations asserted in paragraph 41.

42.    Defendants deny the truth of the allegations asserted in paragraph 42.

43.    Defendants deny the truth of the allegations asserted in paragraph 43.

44.    Defendants deny the truth of the allegations asserted in paragraph 44.

45.    Defendants deny the truth of the allegations asserted in paragraph 45.

46.    Defendants deny the truth of the allegations asserted in paragraph 46.

47.    Defendants deny the truth of the allegations as asserted in paragraph 47.

48.    Defendants deny the truth of the allegations asserted in paragraph 48.

49.    Defendants deny the truth of the allegations asserted in paragraph 49.

50.    Defendants deny the truth of the allegations asserted in paragraph 50.

51.    Defendants deny the truth of the allegations asserted in paragraph 51.

52.    Defendants deny the truth of the allegations asserted in paragraph 52.

53.    Defendants deny the truth of the allegations asserted in paragraph 53.

54.    Defendants deny the truth of the allegations asserted in paragraph 54.

55.    Defendants deny the truth of the allegations asserted in paragraph 55.

56.    Defendants deny the truth of the allegations as asserted in paragraph 56.

57.    Defendants deny the truth of the allegations as asserted in paragraph 57.

58.    Defendants deny the truth of the allegations asserted in paragraph 58.

59.    Defendants deny the truth of the allegations as asserted in paragraph 59.

60.    Defendants deny the truth of the allegations asserted in paragraph 60.

61.    Defendants deny the truth of the allegations asserted in paragraph 61.

62.    Defendants deny the truth of the allegations asserted in paragraph 62.

63.    Defendants deny the truth of the allegations asserted in paragraph 63.

64.    Defendants deny the truth of the allegations as asserted in paragraph 64.

65.    Defendants deny the truth of the allegations asserted in paragraph 65.

66.    Defendants deny the truth of the allegations asserted in paragraph 66.

67.    Defendants deny the truth of the allegations asserted in paragraph 67.

68.    Defendants deny the truth of the allegations asserted in paragraph 68.

69.    Defendants deny the truth of the allegations asserted in paragraph 69.

70.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 70.

71.    Defendants deny the truth of the allegations asserted in paragraph 71.

72.    Defendants deny the truth of the allegations asserted in paragraph 72.

73.    Defendants admit the allegations asserted in paragraph 73 to the limited extent that after the completion of the legal and justified vehicle and traffic stop (as well as the equally legal and justified search of the pick-up truck), Plaintiffs were free to re-enter the pick-up truck. Defendants deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations asserted in paragraph 73.

74. Defendants deny the truth of the allegations asserted in paragraph 74.

75. Defendants deny the truth of the allegations asserted in paragraph 75.

76. Defendants deny the truth of the allegations asserted in paragraph 76.

77. Defendants admit the allegations asserted in paragraph 77 to the limited extent that Defendants issued a verbal warning to Defendant Brown on the importance of following the New York State Vehicle and Traffic Laws. Defendants deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations asserted in paragraph 77.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 78.

79. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 79.

80. Defendants deny the truth of the allegations asserted in paragraph 80.

81. Defendants deny the truth of the allegations asserted in paragraph 81.

82. Defendants deny the truth of the allegations asserted in paragraph 82.

83. Defendants deny the truth of the allegations asserted in paragraph 83.

84. Defendants deny the truth of the allegations asserted in paragraph 84.

### AS AND FOR A FIRST CAUSE OF ACTION

85. Defendants repeat and reassert the responses contained in paragraphs 1 through 84 of this Answer, with the same force and effect as if fully set forth herein.

86. Defendants deny the allegations asserted in paragraph 86, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A SECOND CAUSE OF ACTION

87.     Defendants repeat and reassert the responses contained in paragraphs 1 through 86 of this Answer, with the same force and effect as if fully set forth herein.

88.     Defendants deny the allegations asserted in paragraph 88, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A THIRD CAUSE OF ACTION

89.     Defendants repeat and reassert the responses contained in paragraphs 1 through 88 of this Answer, with the same force and effect as if fully set forth herein.

90.     Defendants deny the allegations asserted in paragraph 90, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A FOURTH CAUSE OF ACTION

91.     Defendants repeat and reassert the responses contained in paragraphs 1 through 90 of this Answer, with the same force and effect as if fully set forth herein.

92.     Defendants deny the allegations asserted in paragraph 92, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A FIFTH CAUSE OF ACTION

93.     Defendants repeat and reassert the responses contained in paragraphs 1 through 92 of this Answer, with the same force and effect as if fully set forth herein.

94.     Defendants deny the allegations asserted in paragraph 94, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A SIXTH CAUSE OF ACTION

95.     Defendants repeat and reassert the responses contained in paragraphs 1 through 94 of this Answer, with the same force and effect as if fully set forth herein.

96.     Defendants deny the allegations asserted in paragraph 96, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A SEVENTH CAUSE OF ACTION

97.     Defendants repeat and reassert the responses contained in paragraphs 1 through 96 of this Answer, with the same force and effect as if fully set forth herein.

98.     Defendants deny the allegations asserted in paragraph 98, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

99.     Defendants repeat and reassert the responses contained in paragraphs 1 through 98 of this Answer, with the same force and effect as if fully set forth herein.

100.    Defendants deny the allegations asserted in paragraph 100, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A NINTH CAUSE OF ACTION

101.    Defendants repeat and reassert the responses contained in paragraphs 1 through 100 of this Answer, with the same force and effect as if fully set forth herein.

102.    Defendants deny the allegations asserted in paragraph 102, and deny that any response is required to the extent that the allegations make assertions of law.

## AS AND FOR A TENTH CAUSE OF ACTION

103.    Defendants repeat and reassert the responses contained in paragraphs 1 through 102 of this Answer, with the same force and effect as if fully set forth herein.

104.    Defendants deny the allegations asserted in paragraph 104, and deny that any response is required to the extent that the allegations make assertions of law.

## "WHEREFORE" CLAUSE

No response is required to the allegations in this section (paragraphs 1 through 4) as they consist of conclusions of law rather than statements of fact. To the extent a response is required, Defendants deny the allegations asserted in this section and deny that Plaintiffs are entitled to any of the relief sought.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

1.      The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

2.      Defendants' conduct did not violate clearly established federal or state law or, to the extent that such precedent is deemed to have existed, it was objectively reasonable for Defendants to believe at the time of their actions that their conduct did not violate such clearly established law. Therefore, Defendants are entitled to qualified immunity from suit for the actions of which Plaintiffs complain.

### AS AND FOR A THIRD DEFENSE

3.      The alleged conduct was properly within the discretionary authority committed to Defendants to perform their official functions and the relief prayed for would constitute an improper intrusion into said discretionary authority.

### AS AND FOR A FOURTH DEFENSE

4.      Probable cause and/or reasonable grounds existed for Defendants' alleged conduct. Accordingly, Defendants' conduct was privileged and/or did not violate Plaintiffs' clearly established rights.

**AS AND FOR A FIFTH DEFENSE**

5.      Each Defendant is not personally responsible for or involved in any acts of commission or omission alleged by Plaintiffs, and cannot be held responsible for any agents, servants, employees, or co-workers.

**AS AND FOR A SIXTH DEFENSE**

6.      Plaintiffs' claims may be barred by the applicable statute of limitations.

**AS AND FOR A SEVENTH DEFENSE**

7.      Any damages allegedly sustained by Plaintiffs are solely and exclusively the result of Plaintiffs' own conduct and/or failure to mitigate their alleged damages.

**AS AND FOR AN EIGHTH DEFENSE**

8.      Defendants at no time acted willfully or maliciously in disregard of Plaintiffs' constitutional rights, and therefore Plaintiffs are not entitled to punitive damages or other relief.

**AS AND FOR A NINTH DEFENSE**

9.      This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Verified Complaint because the federal and state law claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over state law claims.

**AS AND FOR A TENTH DEFENSE**

10.      Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, collateral estoppel and/or res judicata.

**AS AND FOR AN ELEVENTH DEFENSE**

11.      To the extent Plaintiffs raise state law claims, they may be barred by the Eleventh Amendment and/or by other state law.

## **JURY TRIAL DEMANDED**

Defendants demand a jury trial.

## **CONCLUSION**

**WHEREFORE**, Defendants respectfully request that this Court dismiss the claims

against them, and grant such further relief as the Court deems just and proper.

Dated:  New York, New York
            March 16, 2020

                                                LETITIA JAMES
                                                Attorney General of the State of New York
                                                Attorney for Defendants
                                                By:


                                                */s/ James B. Cooney*
                                                JAMES B. COONEY
                                                Assistant Attorney General
                                                28 Liberty Street, 17th Floor
                                                New York, New York 10005
                                                (212) 416-6082
                                                James.Cooney@ag.ny.gov