```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
MICHAEL A. BROWN and                        :
RICHARD MILLER,                                              19CV11588 (PED)
                                                          :
             Plaintiffs,                                     DEFENDANTS' PROPOSED
                                                          :  VERDICT FORM
     -against-
                                                          :
NEW YORK STATE TROOPER
E.E. REISER and NEW YORK STATE              :
TROOPER T.A. CHERKO,
                                                          :
             Defendants.
--------------------------------------------------------X
```

**Part 1(A). Liability as to Plaintiff Brown**

    1(a)    Did Plaintiff Brown prove by a preponderance of the credible evidence that his Constitutional right to be free from being unreasonably detained for an excessive period of time was violated on September 11, 2019, such that the detention ripened into an arrest without probable cause?

    _____                  _____

    YES                              NO

    1(b)    If your answer to 1(a) is yes, who do you find, by a preponderance of the credible evidence, violated Plaintiff Brown's Constitutional right to be free from being unreasonably detained for an excessive period of time was violated on September 11, 2019, such that the detention ripened into an arrest without probable cause?

    Reiser:    _____                        _____
                      YES                            NO

    Charko:    _____                       _____
                      YES                            NO

2(a)    Did Plaintiff Brown prove by a preponderance of the credible evidence that his Constitutional right to not be subject to a warrantless, non-consensual, and unreasonable search of his person was violated by Trooper Reiser on September 11, 2019?

_____                                        _____

YES                                                                NO

3(a)    Did Plaintiff Brown prove by a preponderance of the credible evidence that his Constitutional right to not be subject to a warrantless search of his vehicle was violated by Trooper Reiser on September 11, 2019?

_____                                        _____

YES                                                                NO

4(a)    Did Plaintiff Brown prove by a preponderance of the credible evidence that his Constitutional right, to be free from excessive force was violated by Trooper Reiser on September 11, 2019?

_____                                        _____

YES                                                                NO

5(a)    Did Plaintiff Brown prove by a preponderance of the credible evidence that he was subjected to the common law tort of battery by Trooper Reiser on September 11, 2019?

_____                              _____

YES                                             NO

6(a)    Did Plaintiff Brown prove by a preponderance of the credible evidence that he was subjected to the common law tort of false imprisonment on September 11, 2019?

_____                              _____

YES                                             NO

6(b)    If your answer to 6(a) is yes, who do you find, by a preponderance of the credible evidence, subjected Plaintiff Brown to false imprisonment on September 11, 2019?

Reiser:     _____                         _____
            YES                                NO

Charko:     _____                         _____
            YES                                NO

**Part 1(B). Liability as to Plaintiff Miller**

7(a)   Did Plaintiff Miller prove by a preponderance of the credible evidence that his Constitutional right to be free from being unreasonably detained for an excessive period of time was violated on September 11, 2019, such that the detention ripened into an arrest without probable cause?

_____         _____

YES                                      NO

7(b)   If your answer to 7(a) is yes, who do you find, by a preponderance of the credible evidence, violated Plaintiff Miller's Constitutional right to be free from being unreasonably detained for an excessive period of time was violated on September 11, 2019, such that the detention ripened into an arrest without probable cause?

Reiser:        _____                                 _____
                    YES                                           NO

Charko:       _____                                 _____
                    YES                                           NO

8(a)   Did Plaintiff Miller prove by a preponderance of the credible evidence that his Constitutional right to not be subject to a warrantless, non-consensual, and unreasonable search of his person was violated by Trooper Reiser on September 11, 2019?

_____         _____

YES                                      NO

4

9(a)   Did Plaintiff Miller prove by a preponderance of the credible evidence that his rights under the First and Fourteenth Amendments to the United States Constitution, and the Constitution of the State of New York, to not be subject to retaliation by Trooper Reiser for the exercise of free speech were violated on September 11, 2019?

_____           _____

YES                                              NO

10(a)   Did Plaintiff Miller prove by a preponderance of the credible evidence that he was subjected to the common law tort of battery by Trooper Reiser on September 11, 2019?

_____           _____

YES                                              NO

11(a)   Did Plaintiff Miller prove by a preponderance of the credible evidence that he was subjected to the common law tort of false imprisonment on September 11, 2019?

_____           _____

YES                                              NO

11(b)   If your answer to 11(a) is yes, who do you find, by a preponderance of the credible evidence, subjected Plaintiff Miller to false imprisonment on September 11, 2019?

Reiser:        _____                           _____
                     YES                                      NO

Charko:       _____                           _____
                     YES                                      NO

**If you answered "YES" to any of questions 1-11, proceed to Part 2. Damages. If you answered "NO" to all of questions 1-11, you have reached a verdict and the foreperson should sign and date the form on the last page and tell the Court Security Officer that the jury has reached a verdict.**

**Part 2. Damages**

    A. **Compensatory or Nominal Damages**

Considering the elements in the Court's instruction with regard to nominal and compensatory damages, what amount of damages, if any, do you award to Plaintiffs for the violation of their constitutional rights against each of the following Defendants you have found liable:

For Plaintiff Brown:

    Reiser: _____

    Charko: _____

For Plaintiff Miller:

    Reiser: _____

    Charko: _____

**Punitive Damages**

Considering the court's instructions with regard to punitive damages, do you find that punitive damages are warranted against any of the Defendants to serve the purpose of such damages as explained by the Court?

Reiser:   _____                _____
            YES                      NO

Charko:  _____                _____
            YES                      NO

**If you answered "Yes" as to any Defendant with regard to punitive damages, proceed to the next question. If you answered "No" as to all Defendants, you have reached a verdict and the foreperson should sign and date the form on the last page and tell the Court Security Officer that the jury has reached a verdict.**

Please indicate in the space provided the dollar amount of punitive damages to be awarded against that defendant:

    Reiser:      $_____

    Charko:    $_____

**You have reached a verdict. Your deliberations are complete.**

**The Foreperson must sign and date the verdict sheet. Advise the Court Security Officer that you have reached a verdict.**

DATED: _____

                                         _____
                                         FOREPERSON